UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation, | No.   2:13-cv-00626 |
| Plaintiff, | GETTY IMAGES' MOTION FOR LEAVE TO TAKE EXPEDITED DISCOVERY |
| v. | Note on Motion Calendar: April 26, 2013 |
| VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS USA; VETERINARY WEBSITE DESIGNERS, d/b/a VET WEB DESIGNERS; RONALD CAMP; KENDRA RYAN, a/k/a KENDRA CAMP; JOHN DOE ONE, a/k/a ABE and ABRAHAM GOLDSTIEN; and JOHN DOE TWO, a/k/a HARRY GRANGER, | |
| Defendants. | |

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1

# I.     INTRODUCTION

2    The Defendants in this action – Virtual Clinics, Veterinary Website Designers,

3    Ronald Camp, Kendra Ryan, John Doe One and John Doe Two (collectively, "Defendants")

4    – are serial infringers of Getty Images' rights under the Copyright Act.  In connection with

5    their development of websites for veterinary customers, including two located in the

6    Western District of Washington, Defendants use unlicensed and infringing copies of Getty

7    Images' photographs.  Despite multiple notices of their infringing use of those photographs,

8    Defendants continue to infringe upon Getty Images' rights, repeatedly re-using

9    unauthorized copies of Getty Images' photographs on both their own websites and the

10   numerous veterinary websites they develop.

11   Defendants purport to operate from Geneva, Switzerland (and wrongly claim that

12   their infringing activities in the United States are therefore shielded from legal action) and

13   claim to have an office in Southern California, which is actually the location of a private

14   mail forwarding service.  In fact, Defendants operate in the shadows and have gone to great

15   lengths to conceal the true nature of their work.

16   By this motion, Getty Images seeks leave to conduct expedited discovery to enable

17   the company to effect service of process on Defendants and to identify the true identities of

18   the John Doe Defendants.  A proposed order is submitted herewith.

19

# II.     FACTS

20   **A.     Getty Images**

21   Getty Images is one of the world's leading digital content providers, supplying

22   imagery, video and music to business customers.  Getty Images licenses content for a wide

23   variety of uses, including use online, in websites, books, newspapers, magazines, television

24   and film productions, advertisements, marketing materials, products and packaging.  Getty

25   Images generates revenue from licensing the rights to use its content, including imagery,

26   and from providing related services.

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 1

1   Getty Images was the first company to license imagery via the Internet and today

2   delivers virtually all of its visual content digitally.  Visitors to Getty Images' website,

3   www.gettyimages.com, can search through and view millions of images and obtain licenses

4   for those images online.

5   Getty Images owns some of the content that it licenses.  Getty Images also acts as

6   the distributor for more than 150,000 content suppliers – contributors, such as individual

7   photographers, illustrators, filmmakers, media organizations, other stock photo agencies,

8   and independent musicians.  Content suppliers typically prefer to retain ownership of their

9   work and, as a result, copyright to content remains with the artists in most cases, while

10  Getty Images obtains by contract the right to market, distribute, and license that content to

11  third parties.  Some of this content is licensed to Getty Images on an exclusive basis.

12  **B.    Defendants' Wrongful Conduct**

13  **1.    Defendants' False and Inflated Credentials**

14  Defendants have built their website development business on a web of deceit.  For

15  example, defendant Ryan holds herself out as a "professor" of an undisclosed affiliation

16  with a post doctorate degree in an undisclosed discipline.  Additional credentials claimed by

17  "Professor Ryan" include the following:

18  •    Chairman, International Veterinary Society (Geneva, Switzerland)

19  •    President, U.S. National Veterinary Education Association

20  •    Director of Education, Society of Internet Doctors (Geneva, Switzerland)

21  •    Chief Executive Officer, Vet Web Designers and Virtual Clinics

22  •    Senior Editor, Animal House Magazine[1]

23  The credentials and affiliations claimed by Ryan appear not to exist, are not verifiable, or

24  relate to fictitious organizations and/or businesses owned or controlled by defendants Ryan

25  and Camp.  *See* Declaration of Michael E. Houck ("Houck Decl.") ¶¶ 2-3.

26

---

[1] http://www.veterinaryeducation.org/meet_our_chairman.htm (March 16, 2013).

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 2



Defendant Camp has similarly inflated his resume in an apparent attempt to promote his infringing business activities. At various times Camp has claimed to hold a "doctorate" in chiropractic care and degrees in "Biology, Chemistry, Chiropractic and Clinical Nutrition," as well as being a "best selling author" and a "Certified Veterinary Chiropractic Technician." Additional credentials claimed by "Dr. Camp" include the following:

- Chairman, International Veterinary Society

- Director of Education, Society of Internet Doctors

- European Liaison, National Veterinary Education Association

- Chief Financial Officer, Virtual Clinics

- President, Virtual Clinics Veterinary Management Consultants[2]

These credentials and affiliations appear not to exist, are not verifiable, or relate to fictitious organizations or businesses owned or controlled by Defendants. *See* Houck Decl. ¶¶ 2, 4.

Ryan and Camp's deceit with respect to their positions and credentials is not a recent development. In 1983, both Ryan and Camp plead guilty to federal charges of fraud and served time in prison. *See United States v. Ronald Camp*, No. 83-CV-113-02-C (N.D. Okla.) (judgments attached as Exhibit 4 to Houck Decl.).

Defendants Virtual Clinics and Veterinary Websites Designers claim to operate from addresses in Westlake Village, California and Geneva, Switzerland. Houck Decl. ¶¶ 3, 22-23 & Exs. 1, 17. The California address appears to be a private mailbox facility. Houck Decl. ¶ 24 & Ex. 18. The Swiss address is a temporary office rental business, and mail sent to defendants that address has been returned as undeliverable by Swiss postal authorities. Houck Decl. ¶¶ 10-12 & Exs. 11-12. Additionally, mail purportedly sent from Defendants' Swiss address was posted from central Florida. Houck Decl. ¶ 12 & Ex. 13.

Virtual Clinics and Veterinary Website Designers claim to be legally represented by "Abraham Goldstien," which appears to be an alias used by defendant John Doe One ("Doe

---

[2] http://www.internationalveterinarysociety.org/nutritional_seminars.htm (archived).

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 3



YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

One"). Houck Decl. ¶ 9 & Ex. 10. Doe One has claimed at various times to be "Legal Counsel" and "V.P. Legal Affairs" for the corporate defendants, and has used the address in Switzerland described above. No lawyer by that name is licensed in Switzerland according to the Swiss Bar Association registry and a local lawyers' organization in Geneva. Houck Decl. ¶¶ 13-14. Despite using a Swiss return address, at least some correspondence from "Abraham Goldstien" is postmarked from Orlando, Florida. Houck Decl. ¶ 12 & Ex. 13.

The day-to-day operations of defendants' business are largely shrouded in mystery. Defendant Doe Two ("Doe Two") uses the name "Harry Granger" and has been identified as a graphic and/or website designer for defendants Virtual Clinics and Veterinary Website Designers. Houck Decl. ¶¶ 18-20. "Harry Granger" is also responsible for distributing a newsletter encouraging people to disregard Getty Images' rights under the Copyright Act. Houck Decl. ¶ 19 & Ex. 15.

## 2. Defendants' Copyright Infringements

Employing the false and misleading statements described above, Defendants have built a lucrative website design business that profits, in part, by using photographic images that are the works of others. Defendants have incorporated those works in websites they design for their veterinary customers and others, without seeking authorization from or making payment to the authors or exclusive licensees of those works.

As detailed in Getty Images' Complaint, Defendants have repeatedly infringed upon copyrighted works for which Getty Images is the exclusive licensee. *See* Complaint ¶¶ 12-38. Defendants use Getty Images' photographs (usually of dogs and cats) in the veterinary service websites they develop. *Id.* ¶¶ 23-25. Based on investigation to date, Getty Images has identified at least 12 images Defendants have illegally reproduced on at least 21 websites. *Id.* On multiple occasions Getty Images has notified the veterinary clinics associated with the websites that use of the images is without authorization and constitutes copyright infringement. *Id.* ¶ 24. In response to Getty Images' notices, Getty Images often

YARMUTH WILSON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

receives letters from "Abraham Goldstien," who represents that he is "V.P. Legal Affairs"
or "Legal Counsel" for defendants Virtual Clinics and Veterinary Website Designers.  *Id.* ¶
23; Houck Decl. ¶ 9 & Ex. 10.  Those letters deny copyright infringement and threaten legal
and other action against Getty Images.  *Id.*  Defendants have continued to use Getty Images'
photographs after receiving notice of their repeated infringements.  Complaint ¶ 24.

### 3. Getty Images' Attempts to Locate Defendants and Identify the John Doe Defendants

As described above, although purporting to operate from an office in Westlake
Village, California, in reality Defendants' "office" is a private mailbox facility.  As
authorized by Fed. R. Civ. P. 4(e)(1) and (h)(1)(a), Getty Images will attempt service on
Defendants through the company that operates that mailbox facility as authorized by
California law, which provides that every person receiving mail service from a "commercial
mail receiving agency (CMRA)" must authorize the "CMRA owner or operator to act as
agent for service of process for the mail receiving service customer."  Cal. Bus. & Prof.
Code § 17538.5(d)(1).  Accordingly, Getty Images' service of process on the company that
operates the Westlake Village private mailbox listed on Defendants' websites will
constitute valid service on the Defendant or Defendants that is or are registered as the
holder or holders of identified mailbox.  *Id.*  However, to the extent that not all Defendants
are registered as customers of that private mailbox facility, Getty Images may be unable to
use that provision of California law to serve all Defendants.

Other pre-litigation efforts to locate Defendants have been ineffective.  For example,
Getty Images' outside law firm has run numerous searches for "Virtual Clinics" and
"Veterinary Website Designers" on databases for corporations, limited liability companies,
partnerships, and fictitious names in California, Florida, Washington, and Switzerland.
Houck Decl. ¶ 2.  None of those searches has returned information that reflects the location
of those business entities or their apparent principals, defendants Ryan and Camp.
Additionally, calls to the telephone numbers Defendants list on their websites and some

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 5

1   websites they developed – (310) 734-6517 and (800) 590-3209 – are unanswered.  Houck
2   Decl. ¶ 28.  Accordingly, Getty Images will require additional information regarding
3   Defendants' location to effect service of process.
4         Getty Images also seeks expedited discovery to determine the true identities of the
5   John Doe Defendants.  Getty Images has received letters from "Abraham Goldstien,"
6   purported Swiss legal counsel for Defendants Virtual Clinics and Veterinary Website
7   Designers.  However, Getty Images' outside law firm has searched for "Abe Goldstien" and
8   "Abraham Goldstien" in databases of Swiss and American lawyers and has found no such
9   registered lawyer.  Houck Decl. ¶¶ 13-17.  Similarly, efforts to identify "Harry Granger"
10  have failed to confirm the existence of a person by that name or place of residence.  Houck
11  Decl. ¶¶ 18-21.

12                          **III.     ISSUE**

13        Whether this Court should grant Getty Images leave to take expedited discovery in
14  aid of service of process and to ascertain the identities of the John Doe Defendants, where
15  the Defendants have gone to great lengths to conceal the true nature of their activities and to
16  misrepresent where they are located and the work they do.

17                     **IV.     EVIDENCE PRESENTED**

18        Getty Images relies upon the Declaration of Michael E. Houck, the exhibits attached
19  thereto, and the pleadings on file in this matter.

20                  **V.     ARGUMENT AND AUTHORITY**

21        Federal courts permit discovery in aid of service of process prior to a Fed. R. Civ. P.
22  26(f) conference when such discovery is necessary to move the case forward by locating
23  defendants.  *See, e.g.*, *Rose v. Seamless Financial Corp.*, No. 3:11-cv-00240-AJB (KSC),
24  2012 WL 6052006, at *3 (S.D. Cal. Dec. 4, 2012) (granting plaintiff leave to take expedited
25  discovery to determine location of defendants); *Liberty Media Holdings, LLC v. Sheng Gan*,
26  No. 11-cv-02754-MSK-KMT, 2012 WL 1015799, at *1 (D. Colo. Mar. 23, 2012) (granting

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 6

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1   plaintiff leave to issue subpoenas to Google and other third parties); *Indigital Solutions,*

2   *LLC v. Mohammed*, No. H-12-2428, 2012 WL 5825824, at \*2-\*3 (S.D. Tex. Nov. 15, 2012)

3   (granting plaintiff leave to issue subpoenas to PayPal and other third parties).

4          Similarly, federal courts routinely allow discovery to identify "John Doe"

5   defendants. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to

6   dismiss unnamed defendants given possibility identities could be found through discovery);

7   *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997); *Dean v. Barber*, 951 F.2d 1210,

8   1215-16 (11th Cir. 1992). "[W]here the identity of alleged defendants [is not] known prior

9   to the filing of a complaint . . . the plaintiff should be given an opportunity through

10   discovery to identify the unknown defendants . . . ." *Gillespie v. Civiletti*, 629 F.2d 637,

11   642 (9th Cir. 1980).

12          Courts in the Ninth Circuit generally use a "good cause" standard to determine

13   whether to permit early discovery. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron America, Inc.*,

14   208 F.R.D. 273, 276 (N.D. Cal. 2002); *Openmind Solutions, Inc. v. Does 1-39*, No. C 11-

15   3311 MEJ, 2011 WL 4715200, at \*2 (N.D. Cal. Oct. 7, 2011). "Good cause may be found

16   where the need for expedited discovery, in consideration of the administration of justice,

17   outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

18   **A.      The Four-Part *Seescandy.com* Test**

19          The court in *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573 (N.D. Cal. 1999)

20   ("*Seescandy.com*"), established a four-part test for analyzing "good cause" in the context of

21   applications to conduct discovery to permit service on defendants and to identify "John

22   Doe" defendants. *Id.* at 578-80. District courts in the Ninth Circuit have frequently cited

23   that test with approval. *See, e.g.*, *Openmind Solutions*, 2011 WL 4715200, \*2; *Liberty*

24   *Media Holdings v. Does 1-62*, No. 11cv575 MMA (NLS), 2011 WL 1869923, at \*2 (S.D.

25   Cal. May 12, 2011). Getty Images can readily establish each of the required elements.

26

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 7

YARMUTH WILSON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

### 1.   Identification of Defendants with Specificity

Getty Images first must identify the Defendants with sufficient specificity to enable the Court to determine that they are real persons who are capable of being sued in federal court. *Seescandy.com*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

In this case, the individual defendants Ryan and Camp are undoubtedly real persons – they have been prosecuted and incarcerated by the United States for falsely representing to banks that they were doctors and conspiring to use false information in connection with loan applications. *See* Houck Decl. ¶ 5 & Exs. 4-5.

The business entity defendants, Virtual Clinics and Veterinary Website Designers, appear to be business entities of unknown legal authority. Although Getty Images has been unable to identify the precise nature of those defendants, they are likely to be entities that are capable of being sued in federal court.[3]

"Abraham Goldstien" appears to be alias used by defendant Doe One and "Harry Granger" is the name or alias used by defendant Doe Two. The discovery sought by this motion is specifically directed at identifying the real persons who purport to be "Abraham Goldstien" and "Harry Granger" and, once identified, they will be amendable to suit.

### 2.   Previous Steps to Identify Defendants

The second factor under *Seescandy.com* requires that Getty Images "identify all previous steps taken to locate the elusive defendant." *Seescandy.com*, 185 F.R.D. at 579 (citing *Plant v. Does*, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998)). As described in the Houck Declaration, Getty Images has worked diligently to locate the Defendants and identify the John Doe Defendants.



[3] If Virtual Clinics and Veterinary Website Designers are merely fictitious names used by individual defendants Ryan and Camp, Getty Images will pursue its claims against those individuals.

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 8



YARMUTH WILSDON PLLC
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1    Getty Images' outside counsel has made multiple searches of public databases in

2    California and Switzerland in an attempt to locate Virtual Clinics and Veterinary Website

3    Designers.  Houck Decl. ¶ 2.  Those searches have failed to reveal the location of those

4    defendants.  Further, Defendants' website and registrations for sites created by Defendants

5    point to the Westlake, California private mail box.  Houck Decl. ¶¶ 3, 23 & Exs. 1, 17.

6    Research into the individual defendants' whereabouts has proven similarly

7    unproductive.  As described above, information relating to the inflated personas that Ryan

8    and Camp have made available on the Internet all refer to fictional organizations or their

9    own businesses, which point back to the private mailbox address in Westlake Village,

10   California, or the temporary office space in Switzerland.

11   As to "Abraham Goldstien," a lengthy search failed to identify a licensed lawyer in

12   Switzerland (as claimed in the letters received by Getty Images) or California, Florida or

13   Washington.  Houck Decl. ¶¶ 13-17.  Finally, there is insufficient information to determine

14   whether "Harry Granger" is the real name of Doe Two or where "Harry Granger" is

15   located.  Houck Decl. ¶¶ 13-17

16   **3.      Getty Images' Complaint Would Survive a Motion to Dismiss**

17   The third *Seescandy.com* factor requires Getty Images to establish, to the Court's

18   satisfaction, that its action against Defendants could withstand a motion to dismiss.

19   *Seescandy.com*, 185 F.R.D. at 579 (citing *Gillespie*, 629 F.2d at 642).  To withstand a

20   motion to dismiss, a plaintiff's complaint must articulate a cognizable legal theory and

21   sufficient facts to support it.  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104

22   (9th Cir. 2008).  The Complaint filed by Getty Images satisfies both requirements:  It

23   articulates a claim for relief under a well established legal theory, and supports that claim

24   with specific facts showing Getty Images' right to relief.

25   In this case, Getty Images alleges that it is the exclusive licensee of the right to

26   market, distribute and license the identified protected images, and that Defendants have

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 9

published, distributed and displayed these images on their own website and veterinary care websites developed by them without authorization by Getty Images. Complaint ¶¶ 12-38. Thus, Getty Images has stated a cognizable claim for copyright infringement. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282 (1991) (elements of copyright claim are ownership of valid copyrights and copying of work); *Gardner v. Nike, Inc.*, 110 F. Supp. 2d 1282, 1286 (C.D. Cal. 2000) *aff'd*, 279 F.3d 774 (9th Cir. 2002) ("an exclusive licensee now has the right to sue in her own name (for any infringement of the assigned right)"); 17 U.S.C. § 501(b).

Furthermore, the identified images have been registered with the United States Copyright Office or complete copyright registration applications for those images have been submitted to that office. Complaint ¶ 23 & Ex. A; *see* 17 U.S.C. § 411 (requiring registration as a pre-requisite to an infringement action); *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010) (holding that receipt of complete application by Copyright Office satisfies 17 U.S.C. § 411's requirement for registration before bringing infringement action). Accordingly, Getty Images states a claim for copyright infringement that readily satisfies the pleading requirements to withstand a motion to dismiss.

### 4. Reasonable Likelihood of Identifying Defendants

The final *Seescandy.com* factor requires Getty Images to show there is a "reasonable likelihood" that its requested discovery will lead to the identification of Defendants. *Seescandy.com*, 185 F.R.D. at 580 (citing *Gillespie*, 629 F.2d at 642). As set forth in its proposed subpoenas (Exhibit A), Getty Images seeks information regarding the location of the named defendants and the identities and locations of the John Doe Defendants "Abraham Goldstien" and "Harry Granger" from third parties:

(1)     *The UPS Store in Westlake Village, California.* The private mailbox service Defendants use in California is likely to have information relating to Defendants'

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 10

YARMUTH  WILSDON pllc

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1    whereabouts.  California law requires that a commercial mail receiving agency obtain from

2    each customer "at least two pieces of identification regarding that customer."  Cal. Bus. &

3    Prof. Code § 17538.5.  Additionally, such mail services are required to obtain a copy of

4    United States Postal Service Form 1583 for each customer.  *Id.*  That form requires

5    customer addresses and telephone numbers, the names and addresses of corporate officers,

6    the name of the county and state in which a business name has been registered, and other

7    information that will aid service of process on the Defendants.  *See* Houck Decl. Ex. 19.

8         (2)    *PayPal and Linked Financial Institutions*.  Defendants use PayPal to process

9    purchases from their websites through a merchant account in the name of "Virtual Clinics

10   USA."  Houck Decl. ¶¶ 30-31 & Ex. 24.  PayPal is likely to possess information that

11   indicates addresses or other contact information for Defendants.  Additionally, users of

12   PayPal are required to maintain bank accounts that are linked to their PayPal merchant

13   accounts.  PayPal will be able to identify the financial institution(s) linked with Defendants'

14   PayPal account(s).  Those financial institutions, in turn, will have address and other contact

15   information for Defendants.

16        (3)    *TierraNet, Inc.*  Defendants host their own websites, and the websites they

17   have developed for their veterinary customers, through TierraNet, Inc., a San Diego-based

18   website hosting service.  Houck Decl. ¶¶ 32-33 & Exs. 25-49.  Research indicates that

19   Defendants own or control more than a hundred websites on TierraNet, including many

20   sites containing infringing copies of Getty Images photographs.  Based on the size and

21   ongoing nature of Defendants' relationship with TierraNet, which is believed to include

22   regular payments of hosting fees and communications relating to technical issues, the

23   hosting company is likely to have contact information for Defendants.

24        (4)    *Level 3 Communications, LLC*.  Defendants' websites list the telephone

25   number (310) 734-6517.  Houck Decl. ¶ 26 & Ex. 21-23.  Database searches indicate that

26   the telecommunications provider for that telephone number is Broadwing Communications,

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 11

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1     LLC, which is owned by Level 3 Communications, LLC.  Houck Decl. ¶ 27.  Database

2     searches also indicate that the registrant for the telephone number is "R. Camp."  Level 3

3     Communications is likely to have contact information, including the 911 registered address,

4     for Defendants.

5          (5)     *AT&T Corp.*  Defendants' websites also list the toll free telephone number

6     (800) 590-3209.  Houck Decl. ¶¶ 28 & Exs. 28, 34-35, 40.  Database searches indicate that

7     the telecommunications provider for that toll free telephone number is AT&T Corp.  Houck

8     Decl. ¶ 29.  AT&T is likely to have contact information for Defendants.

9     **B.**     **Getty Images has Shown Good Cause**

10         As discussed above, courts have authorized early discovery upon showing of "good

11     cause" by the moving party.  *Semitool*, 208 F.R.D. at 276; *Openmind Solutions*, 2011 WL

12     4715200, *2.  Such discovery is proper and should be allowed when it will "substantially

13     contribute to moving th[e] case forward."  *Semitool*, 208 F.R.D. at 277.  This lawsuit will

14     be substantially inhibited without discovery in aid of service of process and discovery to

15     identify the John Doe Defendants.

16         Getty Images has obtained substantial and specific evidence in support of its case on

17     the merits against Defendants for copyright infringement.  Unless this Court grants Getty

18     Images leave to take immediate discovery in aid of service of process, Defendants will

19     continue to benefit from their ongoing infringement and their efforts to cloak those

20     activities in deception, resulting in still further harm to Getty Images.  Expedited discovery

21     is necessary and appropriate under these circumstances.  *Semitool*, 208 F.R.D. at 275-76.

22                   **IV.**     **CONCLUSION**

23         For the foregoing reasons, Getty Images respectfully requests the Court grant its

24     motion for leave to take expedited discovery in the form of the proposed subpoenas

25     submitted with this motion.  A proposed order is submitted herewith.

26

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 12

DATED April 5, 2013.

**YARMUTH WILSDON PLLC**

By_ s/ *Scott T. Wilsdon*_____
By_ s/ *Jeremy E. Roller*_____
Scott T. Wilsdon, WSBA No. 20608
Jeremy E. Roller, WSBA No. 32021
818 Stewart Street, Suite 1400
Seattle, WA  98101
Phone: 206.516.3800
Fax: 206.516.3888
Email:  wilsdon@yarmuth.com
          jroller@yarmuth.com

Attorneys for Plaintiff Getty Images (US), Inc.

GETTY IMAGES' MOTION
FOR EXPEDITED DISCOVERY – Page 13



818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

# EXHIBIT A

# United States District Court

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS (US) et al.,<br><br>       Defendants. | No.<br> (United States District Court, Western District of Washington)<br><br>SUBPOENA IN A CIVIL CASE |

TO:    **The UPS Store**
           **4607 Lakeview Canyon Road**
           **Westlake Village, CA  91361**

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE AND TIME |

| | |
|---|---|
| [X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place date, and time specified below (list documents or objects):<br>                              **See attached Exhibit A** | |
| PLACE OF DEPOSITION | DATE AND TIME |

| | |
|---|---|
| [ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below: | |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorneys for Plaintiff | DATE |

| |
|---|
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER<br>  **Scott Wilsdon**<br>  **Yarmuth Wilsdon PLLC**<br>  **818 Stewart Street, Suite 1400**<br>  **Seattle, WA 98101**<br>  **(206) 516-3800** |

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------|-------|

| SERVED BY (PRINT NAME) | TITLE |
|------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
(DATE)

SIGNATURE OF SERVER _____

ADDRESS OF SERVER _____

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d) and (e), as amended December 2007.

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)(A) A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanding person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)(A) On timely notice, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) These procedures apply to producing documents or electronically stored information:

(A) A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) The person responding need not produce the same electronically stored information in more than one form.

(D) The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**

1.      All documents including but not limited to all account records, United States Postal Service Forms 1583, mailbox service agreements and attachments, invoices, billing and payment information, customer contact or forwarding information, shipping and receiving logs, correspondence, electronic communications (including emails, and text and instant messages), memoranda, and any other documents received or generated by The UPS Store sufficient to identify by name and address (including electronic mail addresses, telephone numbers and mail addresses) the owners, registrants and/or persons using the following mailbox number:

   a. Mailbox Number 193


2.      All documents that refer or relate to the persons and entities listed below, including but not limited to all account records, United States Postal Service Forms 1583, mailbox service agreements and attachments, invoices, billing and payment information, customer contact or forwarding information, shipping and receiving logs, correspondence, electronic communications (including emails, and text and instant messages), memoranda, and any other documents received or generated by The UPS Store sufficient to identify such persons or entities by name and address (including electronic mail addresses, telephone numbers and mail addresses):

   a. Virtual Clinics, d/b/a Virtual Clinics USA;
   b. Veterinary Website Designers, d/b/a Vet Web Designers;
   c. Ronald Camp;
   d. Kendra Ryan, a/k/a Kendra Camp;
   e. Any person using the name "Abraham Goldstien"; and
   f. Any person using the name "Harry Granger."


<u>Definitions</u>

The terms "writing," "recording," "photograph," "original" and "duplicate" as used herein, mean any and all materials falling within subparagraphs (a) through (e) of Rule 1001, Federal Rules of Evidence, including without limitation, all electronically stored information, including information stored on computer files, disks, servers, backup tapes or any other place or thing in which electronic data is stored.

750.03 nc151601

# United States District Court
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS (US) et al.,<br><br>          Defendants. | No.<br> (United States District Court, Western District of Washington)<br><br><br>SUBPOENA IN A CIVIL CASE |

TO:     **PayPal**
     **An eBay Company**
     **2211 North First St.**
     **San Jose, CA  95131**

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |
| [ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE AND TIME |
| [X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place date, and time specified below (list documents or objects): | |
| **See attached Exhibits A & B** | |
| PLACE OF DEPOSITION | DATE AND TIME |
| [ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below: | |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| | |
|---|---|
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>*Attorneys for Plaintiff* | DATE |
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER<br>  **Scott T. Wilsdon**<br>  **Yarmuth Wilsdon**<br>  **818 Stewart Street, Suite 1400**<br>  **Seattle, Washington 98101**<br>  **206-516-3800** | |

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

(DATE)

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d) and (e), as amended December 2007.

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)(A) A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanding person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)(A) On timely notice, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person -- except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) These procedures apply to producing documents or electronically stored information:

(A) A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) The person responding need not produce the same electronically stored information in more than one form.

(D) The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) If the information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**

1.      All documents including but not limited to all account records, correspondence, electronic communications (including emails, and text and instant messages), memoranda, invoices, billing and payment information, customer contact information, user activity logs, account information sheets, transaction reports or any other documents received or generated by PayPal sufficient to identify by name and address (including electronic mail addresses, telephone numbers and mail addresses) the owners, registrants and/or persons using the following PayPal accounts:

> a.      Virtual Clinics USA; and
> b.      PayPal account referenced in Exhibit B (shopping cart from the website www.animalhousemagazine.com).

2.      All documents including but not limited to all account records, correspondence, electronic communications (including emails, and text and instant messages), memoranda, invoices, billing and payment information, customer contact information, user activity logs, account information sheets, transaction reports or any other documents received or generated by PayPal sufficient to identify by name and address (including electronic mail addresses, telephone numbers and mail addresses) the owners, registrants and/or persons using PayPal accounts lined to the following electronic mail addresses:

> a.      drcamp@virtualclinics.net;
> b.      ceo@virtualclinics.net;
> c.      accounting@virtualclinics.net;
> d.      legal@virtualclinics.net;
> e.      drcamp@vetwebdesigners.com;
> f.      graphics@vetwebdesigners.com;
> g.      info@veterinarywebsitedesigners.com;
> h.      contact@animalhousemagazine.com;
> i.      profryan@veterinaryeducation.org; and
> j.      info@veterinaryeducation.org.

3.      All documents that refer or relate to the persons and entities listed below, including but not limited to all account records, correspondence, electronic communications (including emails, and text and instant messages), memoranda, invoices, billing and payment information, customer contact information, user activity logs, account information sheets, transaction reports or any other documents received or generated by PayPal sufficient to identify such persons and entities by name and address (including electronic mail addresses, telephone numbers and mail addresses):

> a.      Virtual Clinics, d/b/a Virtual Clinics USA;
> b.      Veterinary Website Designers, d/b/a Vet Web Designers;
> c.      Ronald Camp;
> d.      Kendra Ryan, a/k/a Kendra Camp;
> e.      Any person using the name "Abraham Goldstien"; and
> f.      Any person using the name "Harry Granger."

<u>Definitions</u>

The terms "writing," "recording," "photograph," "original" and "duplicate" as used herein, mean any and all materials falling within subparagraphs (a) through (e) of Rule 1001, Federal Rules of Evidence, including without limitation, all electronically stored information, including information stored on computer files, disks, servers, backup tapes or any other place or thing in which electronic data is stored.

# United States District Court

[          ] DISTRICT OF [          ]

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation, <br><br>        Plaintiff, <br><br>     v. <br><br> VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS (US) et al., <br><br>        Defendants. | No. <br>  (United States District Court, Western District of Washington) <br><br><br> SUBPOENA IN A CIVIL CASE |

TO:    **[Financial Institution]**
         **[Address]**

---

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place date, and time specified below (list documents or objects):

<b>See attached Exhibit A</b>

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE <br><br> Attorneys for Plaintiff | DATE |
|---|---|

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
    **Scott T. Wilsdon**
    **Yarmuth Wilsdon**
    **818 Stewart Street, Suite 1400**
    **Seattle, Washington 98101**
    **206-516-3800**

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

| DECLARATION OF SERVER | |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
(DATE)

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d) and (e), as amended December 2007.

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)(A) A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanding person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)(A) On timely notice, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) These procedures apply to producing documents or electronically stored information:

(A) A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) The person responding need not produce the same electronically stored information in more than one form.

(D) The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**


1.      All documents including but not limited to all account records, correspondence, electronic communications (including emails, and text and instant messages), memoranda, invoices, billing and payment information, customer contact information, user activity logs, account information sheets, transaction reports or any other documents received or generated by [Financial Institution] sufficient to identify by name and address (including electronic mail addresses, telephone numbers and mail addresses) the owners, registrants and/or persons using the following [Financial Institution] accounts:

        a.      [Account Number(s)]


2.      All documents that refer or relate to the persons and entities listed below, including but not limited to all account records, correspondence, electronic communications (including emails, and text and instant messages), memoranda, invoices, billing and payment information, customer contact information, user activity logs, account information sheets, transaction reports or any other documents received or generated by [Financial Institution] sufficient to identify such persons and entities by name and address (including electronic mail addresses, telephone numbers and mail addresses):

        a.      Virtual Clinics, d/b/a Virtual Clinics USA;
        b.      Veterinary Website Designers, d/b/a Vet Web Designers;
        c.      Ronald Camp;
        d.      Kendra Ryan, a/k/a Kendra Camp;
        e.      Any person using the name "Abraham Goldstien"; and
        f.      Any person using the name "Harry Granger."


Definitions


The terms "writing," "recording," "photograph," "original" and "duplicate" as used herein, mean any and all materials falling within subparagraphs (a) through (e) of Rule 1001, Federal Rules of Evidence, including without limitation, all electronically stored information, including information stored on computer files, disks, servers, backup tapes or any other place or thing in which electronic data is stored.

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS (US) et al.,<br><br>        Defendants. | No.<br> (United States District Court, Western District of Washington)<br><br>SUBPOENA IN A CIVIL CASE |

TO:   **TierraNet, Inc.**
           **Attn:  Robert K. Peddycord, Registered Agent**
           **169 Saxony Road, Suite 106**
           **Encinitas, California 92024**

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE AND TIME |

| | |
|---|---|
| [X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place date, and time specified below (list documents or objects):<br><br>                                 **See attached Exhibit A** | |
| PLACE OF DEPOSITION | DATE AND TIME |

| | |
|---|---|
| [ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below: | |
| PREMISES | DATE AND TIME |

| | |
|---|---|
|      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6). | |
| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorneys for Plaintiff | DATE |
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER<br>   **Scott Wilsdon**<br>   **Yarmuth Wilsdon PLLC**<br>   **818 Stewart Street, Suite 1400**<br>   **Seattle, Washington 98101**<br>   **206-516-3800** | |

---

**PROOF OF SERVICE**

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          (DATE)

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

---

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d) and (e), as amended December 2007.

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)(A) A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises -- or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanding person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)(A) On timely notice, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) These procedures apply to producing documents or electronically stored information:

(A) A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) The person responding need not produce the same electronically stored information in more than one form.

(D) The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

---

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**

1.      All documents that refer or relate to domain name registrations, DNS and/or website hosting services by TierraNet, including but not limited to correspondence, electronic communications (including emails, and text and instant messages), memoranda, agreements, invoices, records of payments received and any other documents received or generated by TierraNet sufficient to identify by name and address (including electronic mail addresses, telephone numbers and mail addresses) the owners, operators and/or persons responsible for TierraNet's hosting of the following sites:

|     |     |
| --- | --- |
| a.  | www.virtualclinics.net; |
| b.  | www.vetwebdesigners.com; |
| c.  | www.veterinarywebsitedesigners.com |
| d.  | www.petclinicwebsites.com; |
| e.  | www.animalhousemagazine.com; |
| f.  | www.veterinaryeducation.org; |
| g.  | www.internationalveterinarysociety.org; |
| h.  | www.stopgettyimages.com; |
| i.  | www.timothybmccormack.com; |
| j.  | www.abcanimalclinic.com; |
| k.  | www.ah-bc.com; |
| l.  | www.aucccmi.com; |
| m.  | www.avondalevet.com; |
| n.  | www.boonevethospital.com; |
| o.  | www.canyonparkvet.com; |
| p.  | www.companionbellevue.com; |
| q.  | www.companionchillicothe.com; |
| r.  | www.countylinevethospital.com; |
| s.  | www.dogwoodvetlasercenter.com; |
| t.  | www.hanoverparkvet.com; |
| u.  | www.hometownvetservices.com; |
| v.  | www.lennoxanimalhospital.com; |
| w.  | www.northernvalleyvet.com; |
| x.  | www.petvetstoneycreek.com; |
| y.  | www.texas-petvax.com; |
| z.  | www.unioncityvetmedcenter.com; and |
| aa. | www.villageanimalhospitaljericho.com. |

2.      All documents that refer or relate to the persons and entities listed below, including but not limited to correspondence, electronic communications (including emails, and text and instant messages), memoranda, agreements, invoices, records of payments received and any other documents received or generated by TierraNet sufficient to identify such persons or entities by name and address (including electronic mail addresses, telephone numbers and mail addresses):

a.    Virtual Clinics, d/b/a Virtual Clinics USA;
b.    Veterinary Website Designers, d/b/a Vet Web Designers;
c.    Ronald Camp;
d.    Kendra Ryan, a/k/a Kendra Camp;
e.    Any person using the name "Abraham Goldstien"; and
f.    Any person using the name "Harry Granger."

<u>Definitions</u>

The terms "writing," "recording," "photograph," "original" and "duplicate" as used herein, mean any and all materials falling within subparagraphs (a) through (c) of Rule 1001, Federal Rules of Evidence, including without limitation, all electronically stored information, including information stored on computer files, disks, servers, backup tapes or any other place or thing in which electronic data is stored.

750.03 nc260405

# United States District Court
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation,<br><br>     Plaintiff,<br><br>  v.<br><br>VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS (US) et al.,<br><br>     Defendants. | No.<br> (United States District Court, Western District of Washington)<br><br>SUBPOENA IN A CIVIL CASE |

TO:    **Level 3 Communications, LLC**
**c/o CT Corporation System**
**1801 West Bay Dr NW, Suite 206**
**Olympia, Washington 98502**

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case. | |
| PLACE OF TESTIMONY | COURTROOM |
| | DATE AND TIME |

| | |
|---|---|
| [ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. | |
| PLACE OF DEPOSITION | DATE AND TIME |

| | |
|---|---|
| [X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place date, and time specified below (list documents or objects): | |
| **See attached Exhibit A** | |
| PLACE OF DEPOSITION | DATE AND TIME |

| | |
|---|---|
| [ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below: | |
| PREMISES | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorneys for Plaintiff | DATE |
|---|---|

| |
|---|
| ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER<br>  **Scott Wilsdon**<br>  **Yarmuth Wilsdon PLLC**<br>  **818 Stewart Street, Suite 1400**<br>  **Seattle, Washington 98101**<br>  **206-516-3800** |

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

(DATE)

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d) and (e), as amended December 2007.

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)(A) A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanding person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)(A) On timely notice, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held; (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B) To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party: (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) These procedures apply to producing documents or electronically stored information:

(A) A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) The person responding need not produce the same electronically stored information in more than one form.

(D) The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.     All documents including but not limited to all registration information, 911 registered addresses, billing and payment information, contact lists, service usage records, electronic mail addresses linked to or associated with voicemail accounts, phone numbers used for call forwarding, subscriber information, and call logs maintained by Level 3 sufficient to identify by name and address (including electronic mail addresses, telephone numbers and mail addresses) the owners, registrants and/or persons using the following telephone number:

    a.  310-734-6517

2.     All documents that refer or relate to the persons and entities listed below, including but not limited to all registration information, 911 registered addresses, billing and payment information, contact lists, service usage records, electronic mail addresses linked to or associated with voicemail accounts, phone numbers used for call forwarding, subscriber information, and call logs maintained by Level 3 sufficient to identify such persons or entities by name and address (including electronic mail addresses, telephone numbers and mail addresses):

    a.  Virtual Clinics, d/b/a Virtual Clinics USA;
    b.  Veterinary Website Designers, d/b/a Vet Web Designers;
    c.  Ronald Camp;
    d.  Kendra Ryan, a/k/a Kendra Camp;
    e.  Any person using the name "Abraham Goldstien"; and
    f.  Any person using the name "Harry Granger."

### Definitions

The terms "writing," "recording," "photograph," "original" and "duplicate" as used herein, mean any and all materials falling within subparagraphs (a) through (e) of Rule 1001, Federal Rules of Evidence, including without limitation, all electronically stored information, including information stored on computer files, disks, servers, backup tapes or any other place or thing in which electronic data is stored.

# United States District Court
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS (US) et al.,<br><br>       Defendants. | No.<br> (United States District Court, Western District of Washington)<br><br>SUBPOENA IN A CIVIL CASE |

TO: **AT&T Corp.**
      **c/o CT Corporation System**
      **505 Union Avenue, Suite 120**
      **Olympia, Washington 98501**

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place date, and time specified below (list documents or objects):

**See attached Exhibit A**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE<br><br>Attorneys for Plaintiff | DATE |
|---|---|

ISSUING OFFICER NAME, ADDRESS AND PHONE NUMBER
    **Scott Wilsdon**
    **Yarmuth Wilsdon PLLC**
    **818 Stewart Street, Suite 1400**
    **Seattle, Washington 98101**
    **206-516-3800**

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |
| SERVED | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

_____
(DATE)

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____
_____

Rule 45, Federal Rules of Civil Procedure, Parts (c), (d) and (e), as amended December 2007.

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1)  A party or attorney responsible for issuing and serving a subpoena must  take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

(2)(A)  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B)  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested.  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.  If an objection is made, the following rules apply:

(i) At any time, on notice to the commanding person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3)(A)  On timely notice, the issuing court must quash or modify a subpoena that:  (i) fails to allow a reasonable time to comply;  (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

(B)  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:  (i) disclosing a trade secret or other confidential research, development, or commercial information;  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or  (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C)  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and   (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1)  These procedures apply to producing documents or electronically stored information:

(A)  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B)  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C)  The person responding need not produce the same electronically stored information in more than one form.

(D)  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).   The court may specify conditions for the discovery.

(2)(A)  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:  (i) expressly make the claim; and   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B)  If the information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.      All documents including but not limited to all registration information, 911 registered addresses, billing and payment information, contact lists, service usage records, electronic mail addresses linked to or associated with voicemail accounts, phone numbers used for call forwarding, subscriber information, and call logs maintained by AT&T sufficient to identify by name and address (including electronic mail addresses, telephone numbers and mail addresses) the owners, registrants and/or persons using the following telephone number:

      a.      800-590-3209

2.      All documents that refer or relate to the persons and entities listed below, including but not limited to all registration information, 911 registered addresses, billing and payment information, contact lists, service usage records, electronic mail addresses linked to or associated with voicemail accounts, phone numbers used for call forwarding, subscriber information, and call logs maintained by AT&T sufficient to identify such persons or entities by name and address (including electronic mail addresses, telephone numbers and mail addresses):

      a.      Virtual Clinics, d/b/a Virtual Clinics USA;
      b.      Veterinary Website Designers, d/b/a Vet Web Designers;
      c.      Ronald Camp;
      d.      Kendra Ryan, a/k/a Kendra Camp;
      e.      Any person using the name "Abraham Goldstien"; and
      f.      Any person using the name "Harry Granger."

## Definitions

The terms "writing," "recording," "photograph," "original" and "duplicate" as used herein, mean any and all materials falling within subparagraphs (a) through (e) of Rule 1001, Federal Rules of Evidence, including without limitation, all electronically stored information, including information stored on computer files, disks, servers, backup tapes or any other place or thing in which electronic data is stored.