The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETTY IMAGES (US), INC., a New York corporation, | No.   2:13-cv-00626-JLR |
| Plaintiff, | STATUS REPORT AND DISCOVERY PLAN |
| v. | |
| VIRTUAL CLINICS, d/b/a VIRTUAL CLINICS USA; VETERINARY WEBSITE DESIGNERS, d/b/a VET WEB DESIGNERS; RONALD CAMP; KENDRA RYAN, a/k/a KENDRA CAMP; JOHN DOE ONE, a/k/a ABE and ABRAHAM GOLDSTIEN; and JOHN DOE TWO, a/k/a HARRY GRANGER, | |
| Defendants. | |

Plaintiff Getty Images (US), Inc. ("Getty Images") submits the following status report and discovery plan in response to the Court's June 4, 2013 Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement (Dkt. No. 17).

Getty Images and prior counsel for defendants Ronald Camp and Kendra Camp ("the Camps") conducted a Fed. R. Civ. P. 26(f) conference in June.  On July 18, 2013, Getty Images sent a draft of the Fed. R. Civ. P. 26(f) / LCR 26(f) joint status report to the Camps' prior counsel.  Recognizing that the Camps' counsel had moved to withdraw as

STATUS REPORT AND
DISCOVERY PLAN
2:13-cv-00626-JLR – Page 1

YARMUTH WILSON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

counsel, Getty Images requested that counsel address the issues in the draft joint status report with the Camps until such time as the motion to withdraw was granted.  On July 19, 2013, the Court granted the Camps' counsel's motion to withdraw.  *See* Dkt. No. 21.  On three occasions thereafter (July 31, August 3, and August 4), Getty Images sent drafts of the joint status report to the Camps and requested that the Camps provide their comments or proposed revisions to Getty Images.  The Camps have failed to respond to Getty Images' multiple requests for their input on the joint status report.  Accordingly, Getty Images submits this status report on its own behalf.

1.      **Statement of the Nature and Complexity of the Case**

Getty Images asserts claims for copyright infringement against the Camps relating to their alleged infringements of photographic images exclusively licensed to Getty Images.

This is not a complex case.

2.      **Proposed Deadline for Joining Additional Parties**

In addition to the Camps, Getty Images has named (a) Virtual Clinics, doing business as Virtual Clinics USA, (b) Veterinary Website Designers, doing business as Vet Web Designers, (c) John Doe One, using the aliases Abe and Abraham Goldstien, and (d) John Doe Two, using the alias Harry Granger, as defendants.  At this stage of the litigation Getty Images does not know whether Virtual Clinics and Veterinary Website Designers are non-natural person entities or whether John Does One and Two are real persons.  Getty Images intends to take discovery to determine the existence and/or nature of these defendants.

Getty Images proposes that the deadline for joining additional parties be set for September 19, 2013.

3.      **Consent to Magistrate Judge**

No.

STATUS REPORT AND
DISCOVERY PLAN
2:13-cv-00626-JLR – Page 2

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1    **4.**    <u>**Discovery Plan**</u>

2        **A.**    <u>**Initial Disclosures**</u>

3        Getty Images will provide initial disclosures to the Camps by August 5, 2013, the

4    date set forth in the Order Regarding Initial Disclosures, Joint Status Report, and Early

5    Settlement.

6        **B.**    <u>**Subjects, Timing and Potential Phasing of Discovery**</u>

7        Getty Images believes discovery will be required on all of Getty Images' claims and

8    all of the Camps' defenses.  Getty Images does not believe that discovery should be

9    conducted in phases.

10        **C.**    <u>**Electronically Stored Information**</u>

11        Getty Images does not believe that electronically stored information, with the

12    exception of email communications and electronic versions of the photographs at issue here

13    in the Camps' possession, will be a significant source of discovery in this matter.

14        **D.**    <u>**Privilege Issues**</u>

15        Getty Images proposes that communications solely between litigation counsel in this

16    matter and their clients need not be listed on the Parties' privilege logs.

17        **E.**    <u>**Proposed Limitations on Discovery**</u>

18        At this time, Getty Images does not believe any changes in the limitations on

19    discovery imposed under the Federal Rules of Civil Procedure or under the Western District

20    of Washington Local Civil Rules are necessary.

21        **F.**    <u>**Need for any Discovery Related Orders**</u>

22        Provided that the Camps participate, Getty Images anticipates filing a Stipulated

23    Motion and [Proposed] Protective Order.  The Stipulated Motion and [Proposed] Protective

24    Order will be similar in form to the Western District of Washington Model Stipulated

25    Protective Order.  Per LCR 26(c)(2), Getty Images will provide the Court with the

26

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1   Stipulated Motion and [Proposed] Protective Order that identifies in redline proposed

2   departures from the Model Stipulated Protective Order.

3   **5.      Local Civil Rule 26(f)(1)**

4          **A.      Prompt Case Resolution**

5          Getty Images will endeavor to shorten and simplify the case to the extent reasonably

6   possible while protecting the legitimate interests of all Parties.

7          **B.      Alternative Dispute Resolution**

8          Getty Images has not yet determined if it will engage in some form of alternative

9   dispute resolution.  Getty Images will not engage in the individualized trial program set

10  forth in LCR 39.2.

11         **C.      Related Cases**

12         There is no related case pending before this Court or in another jurisdiction.

13         **D.      Discovery Management**

14         At this time Getty Images does not believe the number or scope of depositions

15  should be limited beyond the limitations in the Federal Rules of Civil Procedure.  Getty

16  Images agrees to share discovery obtained from third parties.  At this time, Getty Images

17  does not request a scheduling conference be held before a scheduling order is issued in this

18  case.  At this time, Getty Images does not request that the Court use an abbreviated pretrial

19  order or issue any order other than a Fed. R. Civ. P. 16(b) and LCR 16(b)(1) scheduling

20  order.

21         **E.      Anticipated Discovery Sought**

22         Getty Images anticipates taking discovery regarding the Camps' use of Getty

23  Images' photographs.  Getty Images also anticipates taking discovery regarding the Camps'

24  profits from their use of Getty Images' photographs.  Getty Images will also take discovery

25  regarding the Camps' defenses to Getty Images' claims of copyright infringement.

26

STATUS REPORT AND
DISCOVERY PLAN
2:13-cv-00626-JLR – Page 4

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

**F.    Phasing Motions**

The Camps brought a Motion to Dismiss (Dkt. No. 15) on June 3, 2013.  That motion is currently pending.

Getty Images plans to bring an early motion for summary judgment regarding the Camps' liability for copyright infringement of photographic images exclusively licensed to Getty Images.

**G.    Preservation of Discoverable Information**

Getty Images is preserving discoverable information and has advised the Camps of their duty to preserve discoverable information.  Based upon the Camps' responses to jurisdictional discovery issued by Getty Images, Getty Images believes that the Camps have failed to preserve discoverable information or have withheld production of such information.

**H.    Privilege Issues**

Getty Images proposes that the disclosure of attorney-client privileged communications and/or work product doctrine-protected materials will not waive the protection of the attorney-client privilege or work product doctrine provided that (1) the disclosure is inadvertent, (2) the holder of the privilege or protection takes reasonable steps to prevent disclosure, and (3) the holder promptly takes reasonable steps to rectify the error. Getty Images proposes that documents that the producing party believes contain privileged or protected information that were inadvertently produced will be destroyed by the receiving party or returned or sequestered under Fed. R. Civ. P. 26(b)(5)(B) until the claim of privilege or protection is resolved by the Court.

**I.    Model Protocol for Discovery of ESI**

Getty Images does not believe that electronically stored information will be a significant source of discovery in this matter.

STATUS REPORT AND
DISCOVERY PLAN
2:13-cv-00626-JLR – Page 5

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1    Getty Images does not propose that the Parties adopt the Model Agreement

2    Regarding Discovery of Electronically Stored Information in Civil Litigation.

3    **J.    Alternatives to Model Protocol for Discovery of ESI**

4    As Getty Images does not believe that electronically stored information will be a

5    significant source of discovery in this matter, the Parties have not agreed regarding

6    protocols for the topics identified in LCR 26(f)(1)(J).  Should electronically stored

7    information become an issue in this case, Getty Images will revisit the topics identified in

8    LCR 26(f)(1)(J).

9    **6.    Date by Which Discovery can be Completed**

10   Getty Images believes discovery can be completed by November 29, 2013.

11   **7.    Bifurcation**

12   At this time Getty Images does not believe this case should be bifurcated in any

13   way.

14   **8.    Pretrial Statements and Pretrial Order**

15   At this time Getty Images does not believe the pretrial statements and pretrial order

16   called for by LCR 16(e), (h), (i), and (k) and 16.1 should be dispensed with in whole or in

17   part for the sake of economy.  Getty Images will revisit potential alterations to the

18   requirements for pretrial statements and pretrial order for the sake of economy nearer to the

19   trial date for this case.

20   **9.    Individualized Trial Program and ADR**

21   At this time Getty Images does not intend to utilize the Individualized Trial Program

22   set forth in LCR 39.2.  The Parties have not yet determined if they will engage in some

23   form of alternative dispute resolution.

24

25

26

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

10. **Other Suggestions for Shortening or Simplifying the Case**

Getty Images has no other suggestions for shortening or simplifying the case, but will endeavor to work to shorten and simplify the case to the extent reasonably possible while protecting the legitimate interests of all Parties.

11. **Date Case Will be Ready for Trial**

Getty Images suggests a trial date of March 3, 2014.

12. **Whether the Trial will be Jury or Non-Jury**

No party has requested a jury trial.

13. **Number of Trial Days**

Getty Images anticipates that this case can be resolved in five trial days.

14. **Trial Counsel Contact Information**

| **Counsel for Getty Images** | **Counsel for the Camps** |
|---|---|
| Scott T. Wilsdon | Kendra Ryan, a/k/a Kendra Camp (*pro se*) |
| Jeremy E. Roller | Ronald Camp (*pro se*) |
| Yarmuth Wilsdon PLLC | 8616 Cavendish Drive |
| 818 Stewart Street, Suite 1400 | Kissimmee, FL  34747 |
| Seattle, WA  98101 | Phone: |
| Phone: 206.516.3800 | Fax: |
| Fax:    206.516.3888 | Email:  jeang1701@gmail.com |
| Email:  wilsdon@yarmuth.com | |
| jroller@yarmuth.com | |

15. **Trial Counsel Commitments to be Considered in Setting Trial Date**

None at this time.  Counsel will promptly advise the Court of commitments that arise that may conflict with the trial date.

16. **Status of Service on Defendants**

The Camps have been served.  The other named defendants (Virtual Clinics, Veterinary Website Designers, John Doe One, and John Doe Two) have not yet been served.

YARMUTH WILSDON PLLC

818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1

**17.** **Scheduling Conference**

Getty Images does not request a scheduling conference before the Court enters a scheduling order in this case.

**18.** **Dates on Which Nongovernmental Corporate Parties Filed Corporate Disclosure Statements**

Getty Images filed a Corporate Disclosure Statement (Dkt. No. 3) on April 5, 2013.

**19.** **Video Recording**

Getty Images does not consent to having hearings in this matter video recorded as part of the Judiciary's Pilot Project on Cameras in the Courtroom.

DATED:  August 5, 2013.

**YARMUTH WILSDON PLLC**

By   _s/ Jeremy E. Roller_
Scott T. Wilsdon, WSBA No. 20608
Jeremy E. Roller, WSBA No. 32021
818 Stewart Street, Suite 1400
Seattle, WA  98101
Phone: 206.516.3800
Fax: 206.516.3888
Email: wilsdon@yarmuth.com
      jroller@yarmuth.com

Attorneys for Plaintiff Getty Images (US), Inc.

YARMUTH WILSDON PLLC
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800  F 206.516.3888

1

<u>**CERTIFICATE OF SERVICE**</u>

2        I hereby certify that on August 5, 2013, I caused the foregoing to be electronically

3    filed with the Clerk of the Court using the CM/ECF system.

4        I also certify that I caused copies of the foregoing document to be served on the

5    following non-ECF participants in the manner set forth beside their names:

6

7    Ronald Camp                                    ☒ Via Email
     8616 Cavendish Drive                           ☐ Via Federal Express
8    Kissimmee, FL  34747                           ☒ Via U.S. Mail
     Email:  jeang1701@gmail.com;
9    drcamp@virtualclinics.net; ceo@virtualclinics.net;
     accounting@virtualclinics.net; legal@virtualclinics.net;
10   graphics@vetwebdesigners.com;
     ceo@vetwebdesigners.com;
11   contact@animalhousemagazine.com

12   Kendra Ryan, a/k/a Kendra Camp                 ☒ Via Email
     8616 Cavendish Drive                           ☐ Via Federal Express
13   Kissimmee, FL  34747                           ☒ Via U.S. Mail
     Email:  jeang1701@gmail.com;
14   drcamp@virtualclinics.net; ceo@virtualclinics.net;
     accounting@virtualclinics.net; legal@virtualclinics.net;
15   graphics@vetwebdesigners.com;
     ceo@vetwebdesigners.com;
16   contact@animalhousemagazine.com

17   Veterinary Website Designers                   ☐ Via Email
     d/b/a Vet Web Designers                        ☐ Via Federal Express
18   c/o Ronald Camp and Kendra Ryan                ☒ Via U.S. Mail
     8616 Cavendish Drive
19   Kissimmee, FL 34747

20   Virtual Clinics                                ☐ Via Email
     d/b/a Virtual Clinics USA                      ☐ Via Federal Express
21   c/o Ronald Camp and Kendra Ryan                ☒ Via U.S. Mail
     8616 Cavendish Drive
22   Kissimmee, FL 34747

23   Veterinary Website Designers                   ☐ Via Email
     d/b/a Vet Web Designers                        ☐ Via Federal Express
24   4607 Lakeview Canyon Road, No. 193             ☒ Via U.S. Mail
     Westlake Village, CA  91361
25

26

STATUS REPORT AND
DISCOVERY PLAN
2:13-cv-00626-JLR – Page 9

YARMUTH WILSDON PLLC
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800   F 206.516.3888

1  | Virtual Clinics
   | d/b/a Virtual Clinics USA

☐ Via Email
☐ Via Federal Express

2  | 4607 Lakeview Canyon Road, No. 193
   | Westlake Village, CA  91361

☒ Via U.S. Mail

3

4  DATED:  August 5, 2013.

5  **YARMUTH WILSDON PLLC**

6

7  By   s/ Jeremy E. Roller
   Scott T. Wilsdon, WSBA No. 20608
   Jeremy E. Roller, WSBA No. 32021

8  818 Stewart Street, Suite 1400
   Seattle, WA  98101

9  Phone: 206.516.3800
   Fax: 206.516.3888

10  Email:  wilsdon@yarmuth.com
         jroller@yarmuth.com

11

12  Attorneys for Plaintiff Getty Images (US), Inc.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

