UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETTY IMAGES (US), INC., <br><br> Plaintiff, <br><br> v. <br><br> VIRTUAL CLINICS, et al., <br><br> Defendants. | CASE NO. C13-0626JLR <br><br> ORDER ON MOTION FOR DEFAULT JUDGMENT |

## I. INTRODUCTION

Before the court is Plaintiff Getty Images (US), Inc.'s ("Getty") motion for default judgment against Defendants Ronald and Kendra Camp ("the Camps"). (Mot. (Dkt. # 35).) Fed. R. Civ. P. 55(b)(2); LCR 55(b). On October 15, 2013, the court entered an order of default against the Camps. (10/15/13 Order (Dkt. # 34).) The court has reviewed Getty's motion for default judgment (Mot.), Getty's supporting declarations (Dkt. ## 36, 39), and the relevant law. For the reasons stated below, the court GRANTS Getty's motion for default judgment and awards Getty actual damages of $21,433.00.

ORDER- 1

However, the court does not have enough information to properly assess Getty's request for maximum statutory damages and a permanent injunction. The court therefore sets an evidentiary hearing regarding these two forms of relief for February 19, 2014 at 9:00 AM.

## II. BACKGROUND

Getty seeks a default judgment of $321,433.00 against the Camps for copyright infringement of photos licensed by Getty. (Mot. at 1.) Getty controls the intellectual property rights to numerous pictures of cats and dogs, 12 of which are at issue in this case. (Compl. (Dkt. # 1) ¶¶ 22-23.) Getty is a digital content provider that licenses imagery, video, and music for use in websites, books, newspapers, magazines, television, and other mediums. (*Id.* ¶¶ 12-13.) Getty owns some of the images it licenses and also acts as a distributor for third-party content suppliers. (*Id.* ¶ 14.)

The Camps are a Florida couple who run a website design company from their home. (Camp Decl. (Dkt. # 16) ¶ 2.) They design websites for veterinarians and veterinary clinics, doing business as "Vet Web Designers."[1] (*Id.*) They use pictures of cats and dogs in the websites they design.

Getty claims that the Camps used pictures of cats and dogs exclusively licensed to Getty in designing a number of websites nationwide. (*See, e.g.*, Compl. ¶¶ 25, 33.) For example, Getty claims that the Camps used Getty-owned and controlled images such as

---

[1] Getty names several other persons and entities as Defendants in this action, all of which are associated in one way or another with the Camps and their online businesses serving the veterinary community. (*See* Compl. ¶¶ 3-8.) These persons and entities include Virtual Clinics, Virtual Clinics US, Veterinary Web Designers, and several John Doe defendants. (*See id.*)

"200374104-001 Dog sleeping in bed between two people (focus on feet)," "200355950-001 Dog with suitcase, wearing Hawaiian shirt," and "BD8365-001 Chinchilla cat wearing diamond tiara, resting on cushion." (*Id.*) Getty alleges that the Camps used these images in an infringing manner on the websites they designed for their customers. (*Id.* ¶ 33.) Getty further alleges that the Camps continued to use the images after Getty notified them of the infringement, (*id.* ¶ 34), and that the Camps created "public information" websites to disparage Getty in retaliation for this lawsuit, (*id.* ¶ 27). Getty also claims that the Camps have responded to its notices of infringement through fictitious characters—"Abraham Goldstien" and "Harry Granger." (*Id.* ¶ 23.) Getty filed this suit on April 5, 2013, alleging a single cause of action against the Camps—copyright infringement. (*Id.* ¶¶ 31-38.)

On September 9, 2013, the court denied the Camps' motion to dismiss for lack of personal jurisdiction because the Camps have sufficient contacts with Washington State. (9/9/13 Order (Dkt. # 31).) While the Camps' motion was pending, their counsel withdrew from the case. (7/19/13 Order (Dkt. # 21).) Following their attorney's withdrawal, the Camps stopped defending against Getty's claim. They failed to file a reply brief to Getty's response to the motion to dismiss, and failed to answer the complaint within the time required by Federal Rule of Civil Procedure 12(a)(4)(A). The court entered default on October 15, 2013. (10/15/13 Order.) Getty filed this motion for default judgment on December 17, 2013. (Mot.)

//

//

# III. DISCUSSION

There are four issues in this case. The threshold issue is whether the court, in its discretion, should grant Getty's motion for default judgment. If the court determines default judgment is warranted, three issues follow:

- (1) whether the court should award actual damages and prejudgment interest for copyright infringement of 10 pre-registration images;

- (2) whether the court should award maximum statutory damages for willful copyright infringement of two registered images; and

- (3) whether the court should grant a permanent injunction to enjoin the Camps from infringing Getty's copyrights in the future.

With respect to these issues, the court GRANTS Getty's motion for default judgment, awards actual damages of $21,433.00 and prejudgment interest, and sets an evidentiary hearing for February 19, 2014 at 9:00AM to determine the amount of statutory damages and whether a permanent injunction is appropriate.

## A. Applicable Legal Standards for Default Judgment

Entry of default judgment is left to the court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Because granting or denying relief is within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court-ordered judgment. *Id.* at 1092. In exercising its discretion, the court considers seven factors (the "*Eitel* factors"): (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of the plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake in relationship to the defendant's behavior; (5) the possibility of a dispute concerning material facts; (6)

whether default was due to excusable neglect; and (7) the preference for decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

At the default judgment stage, well-pleaded factual allegations, except those related to damages, are considered admitted and are sufficient to establish a defendant's liability. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir.1977); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The court must ensure that the amount of damages is reasonable and demonstrated by the plaintiff's evidence. *See* Fed. R. Civ. P. 55(b); *LG Elecs., Inc. v. Advance Creative Computer Corp.*, 212 F. Supp. 2d 1171, 1178 (N.D. Cal. 2002) ("[T]he evident policy of [Rule 55(b)] is that even a defaulting party is entitled to have its opponent produce some evidence to support an award of damages."). And "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**B.  The Court Grants Default Judgment Because the *Eitel* Factors Favor Default Judgment**

Default judgment is warranted in this case. The court determines that factors one, two, three, five, and six favor default judgment, while factors four and seven weigh against it. On balance, the *Eitel* factors support default judgment.

1. <u>The Possibility of Prejudice to the Plaintiff</u>

The first *Eitel* factor is the possibility of prejudice to the plaintiff. On a motion for default judgment, "prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219

F.R.D. 494, 499 (C.D. Cal. 2003); *see also Microsoft Corp. v. Lopez*, No. C08-1743JCC, 2009 WL 959219, at *2 (W.D. Wash. Apr. 7, 2009). The court must look at whether, if default judgment is denied, the plaintiff would be deprived of a remedy "until such time as Defendant participates . . . in the litigation—which may never occur." *U.S. v. Ordonez*, No. 1:10–cv–01921–LJO–SKO, 2011 WL 1807112, at *2 (E.D. Cal. May 11, 2001). However, "[t]he mere fact that denying [a default judgment] motion deprives plaintiff of a quick, favorable outcome she might not obtain by litigating [a] case on the merits is not sufficient prejudice." *Collin v. Zeff*, No. CV12–8156 PSG (AJW), 2013 WL 3273413, at *7 (N.D. Cal. Jun. 24, 2013); *accord TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).

Getty will be prejudiced if default judgment is not granted because default judgment is the only recourse Getty has to recover for the Camps' copyright infringement. *See, e.g.*, *Philip Morris*, 219 F.R.D. at 499. Taking the well-pleaded allegations in Getty's complaint as true, Getty is entitled to receive compensation for the Camps' infringement of 12 Getty copyrights. (*See generally* Compl.) If default judgment is not entered in this case, Getty would have to wait for relief until the Camps decide to participate in the litigation. It is not clear when or if they plan to do so. The first factor therefore supports default judgment.

    2. <u>The Substantive Merits of the Claim and 3. The Sufficiency of the Complaint</u>

The second and third *Eitel* factors—the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint—are frequently analyzed together. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). For these

two factors to weigh in favor of default judgment, a plaintiff must state a claim on which it may recover, which often requires establishing a prima facie case. *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also Microsoft*, 2009 WL 959219, at *2. The factors weigh in favor of default judgment where the complaint sufficiently states a claim for relief under the "liberal pleading standards embodied in [Federal] Rule [of Civil Procedure] 8." *Id.* at 1389. "[A] complaint [that] is well-pleaded and sets forth plausible facts—not just parroted statutory or boilerplate language" supports granting default judgment. *In re Singh*, Bankruptcy No. 10–42050–D–7, 2013 WL 5934299, at *3 (Bankr. E.D. Cal. Nov. 4, 2013). In contrast, pleadings that do not contain "necessary facts" and claims that are not "legally insufficient" do not support default judgment. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Getty must therefore establish a prima facie case of copyright infringement to show both substantive merit and sufficient pleading. *See, e.g.*, *Microsoft*, 2009 WL 959219, at *2. A prima facie case of copyright infringement requires (1) ownership of a valid copyright and (2) a violation of at least one exclusive right—such as the right to copy, prepare, or distribute—granted to copyright holders under 17 U.S.C. § 106. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). As the exclusive licensee of the images in question, Getty is entitled to bring copyright infringement claims. 17 U.S.C. § 501(b). Getty also alleges by "plausible facts" in its complaint that the Camps improperly used, distributed, reproduced, and modified Getty's images. (Compl. ¶¶ 22-24); *Singh*, 2013 WL 5934299, at *3. Taking these allegations as true, Getty has established a prima facie case of copyright infringement. Therefore, the

substantive merits of Getty's claim and Getty's sufficient complaint support default judgment.

4. <u>The Sum of Money at Stake in the Case</u>

The fourth *Eitel* factor is the sum of money at stake in a case. In weighing this factor, courts take into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether "the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (N.D. Cal. 2010); *see also Eitel*, 782 F.2d at 1472. If the amount of money is large or disproportionate, this factor weighs against default judgment.

Getty alleges that it is entitled to receive up to $321,433.00 for the Camps' copyright infringement. (*See generally* Mot.) While a substantial monetary award may be justified for the Camps' serious infringing behavior, the amount of money Getty requests is a large award to be granted on default judgment. *See Microsoft*, 2009 WL 959219, at *3 (finding a statutory damages award of $30,000.00 for willful copyright infringement appropriate on default judgment); *cf. PepsiCo*, 238 F. Supp. 2d at 1177 (granting default judgment where no monetary damages were sought). In addition, it is unclear whether $300,000.00 in statutory damages is appropriate in this case, which raises a question about whether Getty's damages request is proportional to the Camps' infringing conduct. The court therefore finds that this factor weighs against granting default judgment.

//

### 5. The Possibility of a Dispute Concerning Material Facts

The fifth factor is the possibility of a dispute concerning material facts. When default has been entered, courts find that there is no longer the possibility of a dispute concerning material facts because the court must take the plaintiff's factual allegations as true. *See, e.g.*, *Microsoft*, 2009 WL 959219, at *3. Where a plaintiff "has supported its claims with ample evidence, and defendant has made no attempt to challenge the accuracy of the allegations in the complaint, no factual disputes exist that preclude the entry of default judgment." *Landstar*, 725 F. Supp. 2d at 922; *accord Kloepping v. Fireman's Fund*, No. C 94–2684 TEH, 1996 WL 75314, at *3 (N.D. Cal. Feb. 13, 1996) (a "plaintiff's presumptively accurate factual allegations leave little room for dispute," especially where the "defendant had the opportunity to dispute the facts alleged, but has avoided and utterly failed to respond to plaintiff's allegations"). Thus, where a plaintiff has made allegations supported by evidence and the defendant has not challenged those allegations, this factor weighs in favor of default judgment.

Although the Camps moved to dismiss this case for lack of personal jurisdiction, they have not disputed any facts concerning the underlying copyright claim. That fact, along with Getty's well-pleaded copyright infringement allegations, supports default judgment.

### 6. Whether the Entry of Default is Due to Excusable Neglect

The sixth factor addresses whether the entry of default is due to excusable neglect. In other contexts, "excusable neglect" has been defined by its constituent parts. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (1997). "Neglect" has its "normal,

expected meaning, i.e., negligence, carelessness, inadvertent mistake." *Id.* Courts determine whether neglect is "excusable" using four factors based on equitable principles: "(1) the danger of prejudice . . . , (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). In the default judgment context, there is no excusable neglect where a defendant is "properly served with the Complaint, the notice of entry of default, [and] the papers in support of the [default judgment] motion." *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Further, "the possibility of excusable neglect is remote" where a defendant participated early in a case, but later stopped participating. *PepsiCo*, 238 F. Supp. 2d at 1177.

There is no indication of excusable neglect in this case. The fact that the Camps stopped defending the suit after initially filing a motion to dismiss suggests that they are aware of the lawsuit and have simply chosen not to defend it. Getty has satisfied the court that it properly served the Camps, and there is no indication that the Camps did not receive notice of Getty's motions for entry of default and for default judgment. Furthermore, the court finds no mistake or inadvertence that constitutes excusable neglect. This factor supports default judgment.

//

//

//

7. <u>Whether Default Judgment is Appropriate in Light of the Policy Favoring Decisions on the Merits</u>

The seventh factor requires the court to weigh whether default judgment is appropriate in light of the policy favoring decisions on the merits. This factor reflects the general principle that cases should be decided on their merits when it is reasonably possible to do so. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). While this factor "almost always disfavors the entry of default judgment," it is not dispositive. *Vawter v. Quality Loan Serv. Corp. of Wash.*, No. C09–1585JLR, 2011 WL 1584424, at *6 (W.D. Wash. Apr. 27, 2011); *see also Microsoft*, No. C08-1743-JCC, at *3 ("the mere existence of Fed. R. Civ. P. 55(b) indicates that this *Eitel* factor is not alone dispositive"). Thus, this factor almost always weighs against default judgment even when a decision on the merits is unlikely, but the factor alone does not prevent the court from granting default judgment.

This factor weighs against default judgment in light of the policy favoring decisions on the merits, even though it is not reasonably possible for this case to be decided on its merits. However, because the factor is not dispositive, it does not change the court's decision to grant default judgment against the Camps.

8. <u>On balance, the Eitel factors support default judgment</u>

The *Eitel* factors overwhelmingly support default judgment. Getty has no other recourse, its substantive claim has merit, and its complaint is sufficient. Further, there is no possibility of a dispute about material facts, and the Camps' failure to participate is not due to excusable neglect. These factors outweigh the large amount of money at stake

in the case and the policy favoring decisions on the merits. The court accordingly GRANTS Getty's motion for default judgment.

## C. Actual Damages and Prejudgment Interest Are Warranted

Getty requests $21,433.00 in actual damages for the Camps' infringement of 10 pre-registration copyrights as permitted under 17 U.S.C. § 504(b). Actual damages are calculated by "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." 3 M. NIMMER, NIMMER ON COPYRIGHT 14.02, 14-6 (1985). The Ninth Circuit has defined market value as "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work." *Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1174 (9th Cir. 1977). On a default judgment motion, the plaintiff must present "some evidence" of actual damages. *See LG Elecs.*, 212 F. Supp. 2d at 1178.

Getty seeks actual damages in the amount it would have received had the Camps properly licensed the images from Getty. (Mot. at 10.) Getty does not seek damages for any profits that the Camps earned from their use of the images because the parties have engaged in only limited discovery and the amount of profits is uncertain. (*Id.*) Getty has provided the court with a record of fees it would have charged for the images. (Mot. at 10-13.) The fees are calculated using several variables, including duration and manner of use. (Pinto Decl. at 12-13.) The court is satisfied, through Getty's motion and supporting declarations, that $21,433.00 appropriately compensates Getty for the Camps' infringement. The court GRANTS actual damages for the 10 unregistered images.

Getty also requests prejudgment interest on its actual damages. (Mot. at 13.)

Prejudgment interest is intended to compensate the winning party for the lost investment value of a liquidated claim. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001). It should not be awarded merely to punish the losing party. *Id.* However, prejudgment interest should be awarded to "discourage needless delay and compensate the copyright holder for the time it is deprived of lost profits or license fees." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 718 (9th Cir. 2004). Here, Getty requests prejudgment interest from March 1, 2013, approximately a month before this lawsuit was filed, even though the Camps' infringing conduct was first discovered in April 2011. (*See* Mot. at 13, n.3.) Because Getty has no way of determining with certainty when the infringement began, the court finds March 1, 2013, a reasonable accrual date because all infringing activity had occurred by then. (*See id.*) Accordingly, the court GRANTS prejudgment interest on Getty's actual damages of $21,433.00 beginning on March 1, 2013, through the date of this Order. Getty did not request interest at a specific rate, so the rate provided in 28 U.S.C. § 1961 applies.[2] Local Rules W.D. Wash. CR 55(b)(2)(B).

//

---

[2] The Ninth Circuit has indicated that it is appropriate to apply § 1961 to prejudgment interest "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." *W. Pac. Fisheries, Inc. v. S.S. President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984).
  Interest awarded in this case will be compound, rather than simple. "[C]ourts have increasingly recognized that '[c]ompound interest generally more fully compensates a plaintiff,' especially when the interest rate is low, as it is under § 1961." *Price v. Stevedoring Serv. of Am., Inc.*, 697 F.3d 820, 843 (9th Cir. 2012) (quoting *Am. Nat. Fire Ins. Co. ex rel. Tabacalera Contreras Tobacco Co. v. Yellow Freight Sys, Inc.*, 325 F.3d 924, 938 (7th Cir. 2003)); *accord Miller v. Schmitz*, No. 1:12–cv–0137 LJO SAB, 2014 WL 68883, at *5 (E.D. Cal. Jan. 8, 2014).

### D. The Court Orders an Evidentiary Hearing to Determine Statutory Damages for the Camps' Copyright Infringement

Getty requests maximum statutory damages for two registered copyrights for a total of $300,000.00 in statutory damages. (Mot. at 2.) A party may elect to receive statutory, rather than actual, damages for registered copyrights. 17 U.S.C. § 504(c)(1). The court has wide discretion in determining the amount of statutory damages to be awarded within the range provided by 17 U.S.C. § 504. *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). The maximum amount of damages for willful infringement—what Getty alleges—is $150,000.00; the minimum is $200.00. 17 U.S.C. § 504(2)(c). The court is directed to do "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like . . . but with the express qualification that in every case the assessment must be within the prescribed [statutory range]. Within these limitations the court's discretion and sense of justice are controlling . . . ." *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 232 (1952) (quoting *L.A. Westermann Co. v. Dispatch Printing Co.*, 249 U.S. 100, 106-07 (1919)). "Statutory damages are particularly appropriate in a case . . . in which [a] defendant has failed to mount any defense or to participate in discovery . . . ." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. Mar. 28, 2003).

The Ninth Circuit has not adopted uniform criteria for determining the appropriate amount of statutory damages for willful copyright infringement. *See, e.g.*, *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (quoting *F.W. Woolworth*, 344 U.S. at 232). Getty argues that a maximum award is appropriate because

the Camps' infringement is "particularly egregious." (Mot. at 15.) Although it is true that some courts in the Ninth Circuit have awarded statutory maximums after finding a defendant's conduct "particularly egregious," this standard offers little guidance for a statutory damages determination. *See, e.g.*, *Warner Bros. Enter. Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. Nov. 18, 2004); *IO Grp., Inc. v. Antelope Media, LLC*, No. C-08-4050 MMC, 2010 WL 2198707, at *1 (N.D. Cal. May 28, 2010). Further, Getty has not demonstrated that the Camps' behavior was "particularly egregious."

The court cannot evaluate whether a maximum award of $300,000.00 is appropriate, and thus sets an evidentiary hearing to determine the amount of statutory damages. Fed. R. Civ. P. 55(b)(2)(B). The court requires Getty to demonstrate the Camps' willful behavior at the evidentiary hearing because the court is not bound to assume that all of Getty's damages allegations are true. *Cf. TeleVideo*, 826 F.2d at 917-18.

To guide its statutory damages analysis, the court will use four factors adopted by other circuits and by district courts within this circuit. *See, e.g.*, *Controversy Music v. Shiferaw*, No. C03–5254 MJJ, 2003 WL 22048519, at *2 (N.D. Cal. Aug. 20, 2003); *Pac. Stock, Inc. v. MacArthur & Co. Inc.*, Civil No. 11–00720 JMS/BMK, 2012 WL 3985719, at *5 (D. Haw. Sept. 10, 2012); *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.*, 658 F. Supp. 458, 465 (E.D. Pa. 1987); *Rare Blue Music, Inc. v. Guttadauro*, 616 F. Supp. 1528, 1530 (D. Mass. 1985); *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1296 (D. R.I. 1982). The factors are: (1) the infringers' profits and the expenses they saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the

integrity of copyright laws; and (4) whether the infringer acted willfully. *Id.* The court notes that Getty must, in any event, show willful infringement to recover under 17 U.S.C. § 504(c). To establish willful infringement, Getty must show that the Camps' infringing conduct occurred "with knowledge that [it] constituted copyright infringement." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 957 (9th Cir. 2001).

**E.     The Court Orders an Evidentiary Hearing to Determine Whether A Permanent Injunction is Appropriate**

Getty requests a permanent injunction on default judgment to prevent the Camps from further infringing Getty's copyrights. (Mot. at 19.) The Copyright Act authorizes a court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). But "an injunction [does not] automatically follow[] a determination that a copyright has been infringed." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006). "An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). If granted, "[a] permanent injunction must be carefully crafted." *Metro-Goldwyn-Mayer v. Grokster*, 518 F.Supp.2d 1197, 1226 (C.D. Cal. 2007).

The court will apply the traditional four-factor test[3] for granting a permanent

---

[3] The Ninth Circuit has in the past applied an alternative formulation of this test in copyright cases. *See, e.g.*, *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th

injunction under the Copyright Act. *eBay*, 547 U.S. at 391 (discussing how the four-factor test is employed in copyright cases). The four factors are: (1) whether the plaintiff has suffered irreparable injury; (2) whether the plaintiff can be adequately compensated by a remedy at law, such as monetary damages; (3) whether the balance of hardships between the plaintiff and defendant favors the plaintiff; and (4) whether the permanent injunction will serve the public. *Id.* at 391; *see also Microsoft*, 2009 WL 959219, at *4.

The first factor—irreparable harm—may be shown where there is "[j]eopardy to a company's competitive position caused by copyright infringement," or where there is "the threat of the loss of prospective customers, goodwill, or reputation . . . ." *Bean v. Pearson Educ., Inc.*, No. CV 11–8030–PCT–PGR, 2011 WL 1211684, at * 2 (D. Ariz. Mar. 30, 2011). "A plaintiff must demonstrate that irreparable harm is real and significant, not speculative or remote." *Id.* There is no presumption of irreparable harm just because a copyright has been infringed. *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995 (9th Cir. 2011).

For the second factor, the plaintiff must show that "remedies available at law, such as monetary damages, are inadequate to compensate for the injury." *eBay*, 547 U.S. at 391. "[T]he requisite analysis for [this] factor . . . inevitably overlaps with that of the

---

Cir. 1993). In making its request, Getty did not cite the traditional four-factor test, (Mot. at 15), instead relying solely on the Ninth Circuit's alternative formulation. *See id.* This alternative formulation has been called into question in recent years and accordingly the court believes it is on firmer ground in relying on the standard set forth by the Supreme Court. *See MGM*, 518 F. Supp. 2d at 1209 (finding that the Ninth Circuit's "general test" has been called into doubt since the *eBay* decision).

first . . . . " *MercExchange L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 582 (E.D. Va. 2007). A remedy may be inadequate if it cannot be collected because of insolvency or if obtaining the remedy would require a "multiplicity of suits." *See, e.g.*, *MGM*, 518 F. Supp. 2d at 1220 (quoting Douglas Laycock, *The Death of the Irreparable Injury Rule*, 103 HARV. L. REV. 687, 714-716 (1990)).

Under the third factor, the court must consider "the hardships that might afflict the parties by the grant or denial of Plaintiffs' motion for a permanent injunction." *MGM*, 518 F. Supp. 2d at 1220. The court looks at the plaintiff's hardship if the infringing behavior does not stop, as well as the defendant's "hardship in refraining from its infringement." *See, e.g.*, *Amini Innovation Corp. v. KTY Intern. Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011). A court may find that the balance of hardships favors a defendant where there is a "separate legitimate business purpose" for the infringement. *See, e.g.*, *MGM*, 518 F. Supp. 2d at 1220.

Finally, under the fourth factor, a permanent injunction is appropriate only if it will serve the public. Courts usually find that "the public interest is . . . served when the rights of copyright holders are protected against acts likely constituting infringement." *Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2001); *accord Disney Enter., Inc. v. Delane*, 446 F. Supp. 2d 402, 408 (D. Md. 2006) ("[T]here is a greater public benefit in securing the integrity of Plaintiffs' copyrights than in allowing [a defendant] to make Plaintiffs' copyrighted material available to the public."). In short, the court asks whether the public will benefit from protecting the plaintiff's copyright or from protecting the defendant's infringing conduct. *See, e.g.*, *MGM*, 518 F. Supp. 2d at 1221.

first . . . . " *MercExchange L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 582 (E.D. Va. 2007). A remedy may be inadequate if it cannot be collected because of insolvency or if obtaining the remedy would require a "multiplicity of suits." *See, e.g.*, *MGM*, 518 F. Supp. 2d at 1220 (quoting Douglas Laycock, *The Death of the Irreparable Injury Rule*, 103 HARV. L. REV. 687, 714-716 (1990)).

Under the third factor, the court must consider "the hardships that might afflict the parties by the grant or denial of Plaintiffs' motion for a permanent injunction." *MGM*, 518 F. Supp. 2d at 1220. The court looks at the plaintiff's hardship if the infringing behavior does not stop, as well as the defendant's "hardship in refraining from its infringement." *See, e.g.*, *Amini Innovation Corp. v. KTY Intern. Mktg.*, 768 F. Supp. 2d 1049, 1057 (C.D. Cal. 2011). A court may find that the balance of hardships favors a defendant where there is a "separate legitimate business purpose" for the infringement. *See, e.g.*, *MGM*, 518 F. Supp. 2d at 1220.

Finally, under the fourth factor, a permanent injunction is appropriate only if it will serve the public. Courts usually find that "the public interest is . . . served when the rights of copyright holders are protected against acts likely constituting infringement." *Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2001); *accord Disney Enter., Inc. v. Delane*, 446 F. Supp. 2d 402, 408 (D. Md. 2006) ("[T]here is a greater public benefit in securing the integrity of Plaintiffs' copyrights than in allowing [a defendant] to make Plaintiffs' copyrighted material available to the public."). In short, the court asks whether the public will benefit from protecting the plaintiff's copyright or from protecting the defendant's infringing conduct. *See, e.g.*, *MGM*, 518 F. Supp. 2d at 1221.

Getty requests a permanent injunction because the Camps "failed to cease their infringing activities," "employed deception in furtherance of their business," and "encouraged harassment of Getty Images." (Mot. at 19.) Without an analysis of each of the four factors, the court does not have enough information to evaluate whether a permanent injunction is appropriate. Getty will need to provide evidence with respect to each of these factors at the evidentiary hearing.[4]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Getty's motion for default judgment (Dkt. # 35), and awards actual damages of $21,433.00 plus prejudgment interest at the rate provided by 28 U.S.C. § 1619 from March 1, 2013, until the date of this Order. The court further sets an evidentiary hearing for February 19, 2014, at 9:00 AM to determine whether the Camps' infringing activity warrants an award of maximum statutory damages under 17 U.S.C. § 504(c)(2) and a permanent injunction under 17 U.S.C. § 502(a).

Dated this 31st day of January, 2014.

JAMES L. ROBART
United States District Judge

---

[4] Getty also requests "an order requiring the Camps to delete all infringing material from their computers and the websites they control" pursuant to 17 U.S.C. § 503(b). (Mot. at 19.) The court considers this request part of Getty's request for a permanent injunction.