UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GETTY IMAGES (US), INC., | CASE NO. C13-0626JLR |
| Plaintiff, | ORDER ON MOTION FOR ATTORNEY'S FEES |
| v. | |
| VIRTUAL CLINICS, et al., | |
| Defendants. | |

Before the court is Plaintiff Getty Images (US), Inc.'s ("Getty") unopposed motion for an award of attorney's fees in this copyright infringement case. (Mot. (Dkt. # 50).) Getty has previously obtained a default judgment, an injunction, and an award of maximum statutory damages for copyright infringement against Defendants. (*See* 3/20/14 Order (Dkt. # 47); Judgment (Dkt. # 48).) Defendants have stopped defending this action. (*See* 3/20/14 Order at 3.) Now, Getty asks the court for an award of attorney's fees under relevant provisions of the Copyright Act. An award is warranted and, for the reasons explained below, the court GRANTS Getty's motion.

ORDER- 1

## I. BACKGROUND

This case is about pictures of cats and dogs. Getty controls the intellectual property rights to numerous pictures of cats and dogs, 12 of which are at issue here. (Compl. (Dkt. # 1) ¶¶ 22-23.) Getty owns some of the images it licenses and acts as a distributor for others. (*Id.* ¶ 14.) Defendants Kendra Ryan and Ronald Camp ("the Camps") are a Florida couple who run a website design company from their home. (Camp Decl. (Dkt. # 16) ¶ 2.) They design websites for veterinarians and veterinary clinics, doing business as "Vet Web Designers."[1] (*Id.*) They use pictures of cats and dogs in the websites they design.

Getty brought a single claim for copyright infringement against the Camps in April 2013,[2] alleging that the Camps used pictures of cats and dogs exclusively licensed to Getty in designing websites for veterinarians. (*See* Compl. ¶¶ 25, 33.) Getty also alleged that the Camps continued to use the images after they became aware of their infringement. (*Id.* at ¶ 34.)

The Camps moved to dismiss the case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) on June 3, 2013. (*See* Mot. to Dismiss (Dkt. # 15)); Fed. R. Civ. P. 12(b)(2). Between the Camps' filing of that motion and the

---

[1] Getty names several other persons and entities as Defendants in this action, all of which are associated in one way or another with the Camps and their online businesses serving the veterinary community. (*See* Compl. ¶¶ 3-8.) These persons and entities include Virtual Clinics, Virtual Clinics US, Veterinary Web Designers, and several John Doe defendants. (*See id.*)

[2] As the exclusive licensee of these images, Getty may bring copyright infringement claims to protect the copyrights under 17 U.S.C. § 501(b). *See* 17 U.S.C. § 501(b).

court's order denying the motion on September 9, 2013, the Camps' attorney withdrew from the case. (*See generally* 7/19/13 Ord. (Dkt. # 21); 9/9/13 Ord. (Dkt. # 31).) After that point, the Camps stopped defending the action. (*See generally* Dkt.) The court entered default against the Camps on October 15, 2013. (10/15/13 Ord. (Dkt. # 34).)

Getty subsequently moved for default judgment, and on January 31, 2014, the court ordered default judgment against the Camps, awarding actual damages of $21,433.00 for copyright infringement of ten unregistered images. (*See generally* Mot. for Def. Judg. (Dkt. # 35); 1/31/14 Order (Dkt. # 40).) The court also ordered an evidentiary hearing to determine the appropriate amount of statutory damages for willful copyright infringement of two registered images under 17 U.S.C. § 504(c)(2) and whether the court should issue a permanent injunction. (*See* 1/31/14 Ord.) At the conclusion of the evidentiary hearing on February 25, 2014, the court requested additional briefing from Getty about the scope of Getty's proposed permanent injunction. This briefing was provided (*see* Dkt. # 46), after which the court granted Getty a preliminary injunction and an award of maximum statutory damages against Defendants. (3/20/14 Order.) Now, Getty moves for an award of attorney's fees. (Mot.)

## II.   ANALYSIS

The Copyright Act authorizes district courts to award "a reasonable attorney's fee to the prevailing party" in a copyright action. 17 U.S.C. § 505. The decision regarding whether to award attorney's fees is in the court's discretion. *See id.* In exercising its discretion, the court may consider five factors: (1) the degree of success obtained; (2) whether the lawsuit was frivolous; (3) motivation; (4) objective legal or factual

unreasonableness; and (5) the need to advance the considerations of compensation and deterrence. *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996). In evaluating these factors, courts should keep in mind "the Copyright Act's objectives." *Historical Research v. Cabral*, 80 F.3d 377, 378-79 (9th Cir. 1996). A fee award does not require "exceptional circumstances" or any similar finding. *Id.* at 378. Instead, district courts may "freely award fees, as long as they treat prevailing plaintiffs and prevailing defendants alike and seek to promote the Copyright Act's objectives." *Id.* at 378-79.

In this case, an award of fees is fair and just. To begin, Getty has had complete success in this action. Getty has obtained all of the relief it sought, including a compensatory damages award, an injunction, and a maximum statutory damages award. (*See* 3/20/14 Order.) Second, the action was not frivolous. The court has heard a substantial amount of evidence regarding Getty's claims and has concluded that the Camps engaged in willful copyright infringement entitling Getty to relief under the Copyright Act. (*See id.*) Third, the record suggests that Getty's motivations in seeking this lawsuit were simply to enforce its copyrights. This is exactly what the law permits. On the other hand, the record suggests that the Camps' motivation was to gain commercial advantage by using Getty's copyrighted images without paying for them. This is exactly what the law prohibits. Fourth, the Camps' actions in this matter were objectively unreasonable. The Camps failed to end their infringement despite repeated notifications of their infringing use and opportunities to settle the matter swiftly with Getty. (*See* Pinto Decl. (Dkt. # 36) at 13-22.) The Camps also used deceptive and obstructive tactics such as using fictitious names to confuse Getty and failing to

ORDER- 4

participate in this litigation beyond limited discovery early in the case. (*See* Pinto Decl. at 13-22; Wojtczak Decl. (Dkt. # 28) at 2.) This conduct is objectively unreasonable and supports an award of attorney's fees.

Last, a fee award would advance the purposes of the Copyright Act. Specifically, a fee award would compensate Getty and deter the Camps' willful infringement. At the evidentiary hearing, Getty presented substantial evidence that the Camps were aware that their conduct infringed Getty's copyrights. Getty first informed the Camps of their infringing activity in 2007, and the Camps continued to infringe images licensed exclusively to Getty, even after this suit was instituted in April 2013. (Pinto Decl. at 13-22.) The Camps received notice of their infringement because "Abe Goldstien," the Camps' purported attorney, responded to Getty at least 21 times to deny that the Camps had engaged in any infringement. (Wojtczak Decl. at 2.) The Camps also initially participated in the suit, moving to dismiss the case for lack of personal jurisdiction. (*See generally* Mot. to Dismiss.) Therefore, the Camps knew by at least 2007 that they were infringing Getty's copyrights, but nevertheless continued their infringement. Getty was forced to expend substantial resources in order to halt this willful infringement. Thus, the purposes of the Copyright Act would be well-served by compensating Getty for its efforts and deterring similar conduct by the Camps in the future.

Getty has requested a fee award in the amount of $276,680.23. This amount is reasonable. To determine this amount, the court follows Getty's proposed methodology. (*See* Mot. at 9-14.) Getty proposes a "lodestar" method with several small modifications. The lodestar method is obtained by multiplying the number of hours reasonably expended

on the litigation by a reasonable hourly rate. *See, e.g.*, *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987). Getty proposes hourly lodestar rates that are reasonable and sensible—$465.00 per hour for attorney Scott Wilson, $385.00 per hour for attorney Jeremy Roller, $275.00 per hour for attorney Elizabeth Weinstein, and $180.00 for paralegals Deborah Johnson and Michael Houck. (Roller Decl. (Dkt. # 51) ¶¶ 2-5.) These rates are commensurate with market rates and the court approves them. Getty also reports a reasonable number of hours expended on the litigation. Getty reports that its attorneys spent 1,124.2 hours on this case. This is not surprising given the substantial motions practice involved, discovery, the deception and stonewalling employed by the Camps, the evidentiary hearing ordered by the court, and additional briefing requested along the way. (*See* Dkt.) The court has considered the record in detail and, considering itself fully advised, concludes that the hours expended are reasonable.

     Getty suggests several discounts to the lodestar determination. The lodestar figure is $328,281.00 given the information detailed above and contained in the Declaration of Jeremy Roller. (*See generally* Roller Decl.) However, Getty points out that it applied $29,000.00 in "fee discounts," and that these are properly subtracted from the lodestar figure. (*See* Mot. at 10.) Further, a portion of the work done by Getty's counsel related to subject matter for which fees are not properly awardable. (*See id.* at 12-13.) To account for this, Getty applied an additional 10 % discount, resulting in a fee request totaling $276,680.23. This is a reasonable request for all of the reasons explained above.

//

//

ORDER- 6

### III.   CONCLUSION

Accordingly, the court GRANTS Getty's motion for attorney's fees (Dkt. # 50) and awards attorney's fees in the amount of $276,680.23.

Dated this 29th day of April, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 7